Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JORGE LUIS BARRERA, and FACUNDO CASTILLO HUERTOS, on behalf of themselves and others similarly situated, | Case No.: 21 CV 696 |
| Plaintiffs, | **COMPLAINT in an FLSA ACTION** |
| -against- | ECF Case |
| THAICHELLA LLC, doing business as THAI CHELLA, and XIANGYUAN LIANG and NUTCHA KETHIRUN, individually, | Jury Trial Demand |
| Defendants. | |

---

Plaintiffs, Jorge Luis Barrera and Facundo Castillo Huertos (collectively, "Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Thaichella LLC, *doing business as* "Thai Chella" (herein, "Thai Chella"), located at 712 Ninth Avenue, New York, New York 10019; and Xiangyuan Liang and Nutcha Kethirun, individually, (all defendants herein collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of New York City.

6. At relevant times, Defendant, Thaichella LLC, was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as a restaurant named "Thai Chella", located at 712 Ninth Avenue, New York, New York 10019.

7. At all times relevant to this action, the corporate defendant has been and is a Thai restaurant, preparing and selling food and drink to the general public.

8. The performance of Plaintiffs' job responsibilities was controlled by the corporate and individual defendants.

9. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

10. Defendant, Xiangyuan Liang, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendant, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendant and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

11. Defendant, Nutcha Kethirun, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendant, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendant and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

12. The individual defendants, Xiangyuan Liang and Nutcha Kethirun, both exercised control over the terms and conditions of Plaintiffs' employment in that they had and have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of their employees' employment.

13. Defendant Xiangyuan Liang exercised sufficient control over Thai Chella's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York

Labor Law. He directly supervised and directed Plaintiffs, and other similarly situated employees and is known as the "boss".

14. Defendant Nutcha Kethirun exercised sufficient control over Thai Chella's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York Labor Law. She directed Plaintiffs' work and supervised them on a daily basis and personally paid Plaintiffs.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16. At all relevant times, Thai Chella, operated by a business entity, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, Defendant Thai Chella, had gross volume of sales in excess of $500,000 per annum.

18. Defendants employed Plaintiffs in New York County, New York to work as non-exempt cooks, and kitchen assistants, for Defendants' restaurant.

19. The work performed by Plaintiffs, and other similarly situated employees, was directly essential to the business operated by Defendants.

20. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

21. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and others similarly situated, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, and others similarly situated, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS
### a. Plaintiff Jorge Luis Barrera

24. Plaintiff, Jorge Luis Barrera, was employed by defendants in New York County, New York, as a cook and kitchen preparation assistant, at Defendants' restaurant known as "Thai Chella" beginning in June 2018, through November 20, 2020.

25. Mr. Luis Barrera worked for the same individual defendants, Xiangyuan Liang and Nutcha Kethirun, at another Thai Restaurant for three (3) months before being transferred to Thai Chella.

26. During Plaintiff Jorge Luis Barrera's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately eleven and one-half (11 ½) hours on weekdays; twelve and one-half (12 ½) hours on Fridays and Saturdays; and eleven (11) hours on Sundays, for a total of approximately seventy and one-half (70 ½) working hours per week. Mr. Luis Barrera's schedule was reduced to four (4) shifts per week at the beginning of the COVID-19 global pandemic.

27. Plaintiff Jorge Luis Barrera was not paid minimum wages for all hours worked, or overtime compensation.

28. At all times relevant to the action, Plaintiff Jorge Luis Barrera was told that he was being paid $15.00 per hour (without overtime compensation), but the employer "deducted taxes", and he was actually paid $13.00 per hour. He was not given a W-2 form or other wage statement reflecting that payroll taxes were, in fact, withheld.

29. Work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

30. Plaintiff Jorge Luis Barrera was paid in cash for a few months. Thereafter, Plaintiff Jorge Luis Barrera was paid by check but was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay. Sometimes in addition to receiving a check, he was given $50.00 in cash to complete his weekly wages.

31. Plaintiff Jorge Luis Barrera did not punch a time clock or otherwise keep track of his working hours.

32. Plaintiff Jorge Luis Barrera was not a tipped employee.

### b. Plaintiff Facundo Castillo Huertos

33. Plaintiff, Facundo Castillo Huertos, was employed by defendants in New York County, New York, as a cook and kitchen preparation assistant, at Defendants' restaurant known as "Thai Chella" beginning in June 2019, through November 20, 2020.

34. During Plaintiff Facundo Castillo Huertos' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked between four (4) and six (6) days a week, and his work shift consisted of ten (10) hours per day (11:30 a.m. to 9:30 p.m.).

35. Plaintiff Facundo Castillo Huertos was not paid minimum wages for all hours worked, minimum wages, or overtime compensation.

36. At all times relevant to the action, Plaintiff Facundo Castillo Huertos was paid a flat "daily rate" of one hundred dollars ($100.00) per ten (10) hour shift, which resulted in a rate of pay of ten dollars ($10.00) per hour, at all relevant times below the applicable minimum wage.

37. Work performed above forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

38. Plaintiff Facundo Castillo Huertos was paid by check but was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

39. Plaintiff Facundo Castillo Huertos did not punch a time clock or otherwise keep track of his working hours.

40. Plaintiff Facundo Castillo Huertos was not a tipped employee.

41. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiffs with a written wage notice identifying their regular hourly rate of pay and corresponding overtime rate of pay.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

42. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint, as if fully set forth herein.

43. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiffs and other similarly situated individuals, within the meaning of the FLSA.

45. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

46. Plaintiffs were entitled to be paid at a rate of at least minimum wage for every hour worked, and at the rate of time and one-half for all hours worked in excess forty (40) as provided for in the FLSA.

47. Defendant failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

48. At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and others similarly situated, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and others similarly situated, for all hours worked, and by failing to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

50. Defendants did not keep track of Plaintiffs' actual working hours on a contemporaneous basis.

51. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs in the possession and custody of the Defendants, are believed to be inaccurate, or incomplete, because Plaintiffs were not provided with written accountings of their weekly working hours, and the employer did not keep track of their working hours on a contemporaneous basis. Defendants kept a rudimentary notebook to document shifts worked but did not track actual working hours.

52. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

56. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times Plaintiffs, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them wages for all hours worked and overtime compensation at rates of not less than one and

one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

59. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay proper wages and overtime compensation.

60. Plaintiffs are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

61. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

62. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages / minimum wages; overtime wages; "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

63. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

65. Plaintiffs were not provided with a proper, written, wage notice, as required by law.

66. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

67. Defendants did not provide Plaintiffs, with accurate written statements properly accounting for their actual hours worked and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

68. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

69. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

70. Plaintiffs were not provided with true and accurate wage notices or wage statements as required by law.

71. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

72. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

73. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide

Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

74. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and other similarly situated current and former employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated: New York, New York
January 26, 2021

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Peter H. Cooper  (PHC 4714)

**NOTICE OF INTENTION TO ENFORCE MEMBER
LIABILITY FOR SERVICES RENDERED**

To: Xiangyuan Liang
Nutcha Kethirun

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jorge Luis Barrera and Facundo Castillo Huertos intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Thaichella LLC, located at 712 Ninth Avenue, New York, New York 10019, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
January 26, 2021

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

14

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, ___Faando Castillo___, am an employee currently or formerly employed by ___Thai Chilla___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___January 26___, 2020

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Jorge Luis Barrera_____, am an employee currently or formerly employed by _____Thai Chilla / Herb Thai_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____January 25_____, 2020

[signature]